## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JUDITH A. MUHLBERG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2578-CM** |
| ) | |
| **SPRINT CORPORATION, SPRINT** ) | |
| **NEXTEL CORPORATION, and SPRINT/** ) | |
| **UNITED MANAGEMENT COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff Judith Muhlberg brings this action against defendants Sprint Corporation, Sprint

Nextel Corporation, and Sprint/United Management Company (collectively "Sprint"), alleging

breach of an employment contract and a release agreement.  The case is before the court on

defendants' Motion for Reconsideration and/or Clarification (Doc. 47).  Because the court does not

find clear error or the risk of manifest injustice in its prior ruling, but finds that clarification is

appropriate, the court grants the motion in part and denies it in part.

### I.    Background

The present motion asks the court to reconsider its prior ruling on the parties' cross motions

for summary judgment (Doc. 46), *available at Muhlberg v. Sprint Corp.*, No. 06-2578, 2008 WL

631257 (D. Kan. Mar. 4, 2008).  Highly summarized, that ruling denied plaintiff's motion and

granted in part and denied in part defendants' motion.  Because the court enforced the merger

clauses in plaintiff's employment agreement and release agreement with defendants, the court did

not consider plaintiff's offer letter in its review of defendants' contractual obligations to plaintiff.

The court noted, however, "Determining that plaintiff is not entitled to an equity award as described in the offer letter does not imply that plaintiff is not entitled to an equity award under the employment agreement."  The court then "[found] that plaintiff is entitled to equity awards under the employment agreement" under the following logic.  Based on language in § 5.01(v) of the employment agreement, which states "The end of the Severance Period will be treated as [plaintiff's] termination date for purposes of the Company's stock option and restricted stock unit programs[,]" the court applied the date of the end of plaintiff's severance period as the termination date under § 3.03, which governed the acceleration of plaintiff's stock-based awards.  As a result, plaintiff met the necessary conditions for the acceleration provision to apply.  Lastly, the court noted, "The status of those equity awards and their monetary value are therefore unresolved material facts."

Presently, defendants argue that the court should reconsider its prior ruling to correct clear error or to prevent a manifest injustice.  Defendants contend that because the court did not consider plaintiff's offer letter to be part of defendants' contractual obligations and plaintiff previously relied on the offer letter to prove her purported damages, "there is no longer any evidence of plaintiff's damages."  (Doc. 48, at 3).  Defendants conclude that this absence of evidence requires the court to grant their request for summary judgment.

Defendants also ask the court to reconsider or clarify its application of § 5.01(v) to the acceleration provision conditions in § 3.03.  Defendants agree with a part of the court's prior analysis, and state, "The only issue on which the Court is mistaken is with respect to the date on which Sprint 'terminated' plaintiff's employment."  (Doc. 48, at 4).  Defendants contend that "nothing in the plain language of the contract supports" the court's assumption that the termination date for the stock programs under § 5.01(v) should be the same termination date under § 3.03.

Defendants elaborate on this point:

> The facts the Court has overlooked are that the § 5.01(v) definition of termination date is not used generally for purposes of the Employment Agreement, but only for the actual "stock programs."  The acceleration provision in the Employment Agreement is not part of a "stock program"—it is obviously a provision in the Employment Agreement.

*Id.* at 5.  Because §3.03(a) only applies if defendants terminated plaintiff's employment after July 2006, and defendants terminated plaintiff's employment in December 2005, defendants argue, the end of plaintiff's severance period and application of § 5.01(v) are irrelevant.  From this, defendants determine that plaintiff is not entitled to acceleration of her equity awards under the language of the Employment Agreement.

On the other hand, defendants also argue that if the court finds the language of the Employment Agreement to be ambiguous on this issue, the court should consider extrinsic evidence of the parties' negotiations.  During negotiations, and in response to a question from plaintiff, defendants clarified that they "would not grant new awards to [plaintiff] . . . during the severance pay period."  *Id.* at 7.  Moreover, defendants assert that they have never accelerated similar equity awards under other contracts with similar language.

Lastly, defendants ask the court to clarify whether "any trial of this matter will include whether the equity awards Plaintiff was granted in connection with her Agreement were accelerated upon her termination."  *Id.* at 8.

Plaintiff answers with four points.  First, plaintiff responds that the exclusion of the offer letter does not prevent her from establishing her damages.  Plaintiff contends that the employment agreement states the "target value of the equity awards . . . the specific number of restricted stock units, and the specific number of options to purchase stock she was to receive."  (Doc. 49, at 4).  Second, plaintiff argues that the court's prior application of § 5.01(v) to the requirements of § 3.03

was proper because the language in § 5.01(v) "is specific as to the Stock Unit and Stock Option Programs and thus, under basic rules of contract interpretation, prevails over any general language to the contrary." *Id.* at 5.  Third, plaintiff counters that if extrinsic evidence is necessary to clarify ambiguity, then the offer letter and an email exchange between the parties are also relevant.  Lastly, plaintiff does not consider the court's prior ruling to require any clarification.

## II.     Judgment Standards

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for  determination.").  "A party's  failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."  *Id.* at 505.

## III.    Analysis

Here, defendants argue that the court should reconsider its prior ruling to correct clear error or prevent manifest injustice.  First, defendants argue that without the offer letter, plaintiff does not have any evidence of damages.  As defendants argued in their earlier briefing and the court agreed, the offer letter was not part of the employment agreement.  In its prior ruling, however, the court

also noted, "Determining that plaintiff is not entitled to an equity award as described in the offer letter does not imply that plaintiff is not entitled to an equity award under the employment agreement."  A significant amount of the briefing for the prior cross motions for summary judgment addressed whether plaintiff qualified for equity awards under the employment agreement, specifically whether she qualified for the restricted stock units under § 3.01, the stock options under § 3.02, and acceleration of these awards under § 3.03.  These questions concerning plaintiff's damages under the employment agreement closely resemble the damages plaintiff identified in the Pretrial Order: "(1) Stock options valued at $306,250[;] (2) Restricted stock units valued at $306,250."  (Doc. 34, at 8). Based on this, it is clear that plaintiff's damages, as defined by the Employment Agreement, remain at issue.

Second, defendants contend that the court erred by applying the termination date defined in § 5.01(v) to the conditions for acceleration in § 3.03.  Defendants argue that the court "overlooked" the limitations in § 5.01(v) that restrict it to "stock programs" and that "nothing in the plain language of the contract would support" the court's connection of the termination date between the two sections.  This argument fails for several reasons.

First, this argument did not appear in defendants' prior briefing.  That defendants now wish to promote a new argument does not entitle them to reconsideration.  *See Sithon*, 177 F.R.D. at 505. Second, in addition to being new, this argument contradicts the arguments defendants advanced in their prior briefing.  Defendants now attempt to limit § 5.01(v) by arguing that "is not used generally for purposes of the Employment Agreement, but only for the actual 'stock programs'" and the acceleration provision in § 3.03 is not part of a stock program.  Previously, defendants repeatedly argued that § 5.01(v) was "general language [that] does not trump the specific requirements in § 3.03(a)."  (Doc. 39, at 22); (Doc. 41, at 14); (Doc. 43, at 13).

Moreover, defendants previously argued at length that § 5.01(v) and § 3.03 must be read "in harmony" (Doc. 39, at 23); (Doc. 41, at 15); (Doc. 43, at 13). Under defendants' previous arguments, reading § 5.01(v) and § 3.03 in harmony required the court to give full meaning to the "on or after the first anniversary of the Grant Date" qualifier by not allowing the end of the severance period to be the termination date. In its prior ruling, the court disagreed with defendants' interpretation and noted that the "on or after the first anniversary of the Grant Date qualifier" would continue to have meaning regardless of whether the end of the severance period was considered to be the termination date. If § 5.01(v) only relates to stock programs and § 3.03 is not part of the stock program, then there would be no need to read the sections "in harmony." Similarly, if § 5.01(v) was unrelated to § 3.03, then there would be no danger of § 5.01(v) rendering the "on or after the first anniversary of the Grant Date" qualifier meaningless. The court did not "overlook" the distinctions between these sections, but considered them as initially presented.

Although defendants argue that "nothing in the plain language of the contract supports" the court's application of § 5.01(v) to the termination date provisions in § 3.03, the court returns to the analysis of its prior ruling. Sections 3.01 and 3.02 grant the equity awards, appear to incorporate the terms of the defendants' stock programs by reference, and allow for acceleration under § 3.03(a). Section 3.03(a) provides for acceleration of the equity awards if preconditions are met. The parties only debate the precondition related to the date of plaintiff's termination. Section 5.01(v) states, "The end of the Severance Period will be treated as [plaintiff's] termination date for purposes of the Company's stock option and restricted stock unit programs." Thus, the court finds that the plain language of the contract provides that the termination date identified in § 3.03(a) should be the end of the severance period. As the court earlier stated, "This conclusion is supported by the date provided as the acceleration date in section 3.03, which states, 'Such acceleration shall occur . . . if

-6-

[plaintiff] ceases to be employed by the Company due to the occurrence of an event described above . . . the last day of the Severance Period.'"  (Doc. 46, at 9).

The parties also refer the court to extrinsic evidence that they claim supports their respective arguments.  This court will only consider extrinsic evidence if the contract terms are ambiguous. *See Tradesmen Int'l, Inc. v. U.S. Postal Serv.*, 234 F. Supp. 2d 1191, 1202 (D. Kan. 2002) ("If the contract terms are plain and unambiguous, the intention of the parties and the meaning of the contract must be determined from the instrument itself.").  Language is ambiguous if it "can fairly be understood to have two or more possible meanings."  *Reese Exploration, Inc. v. Williams Natural Gas Co.*, 983 F.2d 1514, 1519 (10th Cir. 1993).  While defendants challenge the court's interpretation of the contract, there has not been suggested a fair alternative reading that appropriately incorporates all of the relevant sections.  Because the court finds that the plain language of the contract is clear and unambiguous regarding the acceleration clause, the court does not consider the extrinsic evidence referenced by both parties.

Lastly, defendants ask the court to clarify whether "any trial of this matter will include whether the equity awards Plaintiff was granted in connection with her Agreement were accelerated upon her termination."  Under Kansas law, the interpretation and construction of a written contract are questions of law for the court.  *Fisherman Surgical Instruments, LLC v. Tri-anim Health Servs.*, 502 F. Supp. 2d 1170, 1179 (D. Kan. 2007) (citing *Wagnon v. Slawson Exploration Co., Inc.*, 874 P.2d 659, 666 (Kan. 1994)).  Having found that the contract at issue is unambiguous and ruled on its interpretation regarding the acceleration provisions, any trial of this matter will not include whether the equity awards at issue were accelerated.

**IT IS THEREFORE ORDERED** that defendants' Motion for Reconsideration and/or Clarification (Doc. 47) is granted in part and denied in part.  The court denies the request for

reconsideration, but grants the request for clarification as addressed.

Dated this <u>17th</u> day of June 2008, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**